# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-11547 (PJW)<br><br>Jointly Administered |
| Official Committee of Unsecured Creditors of Norwood Promotional Products Holdings, Inc., *et al.*<br><br>Plaintiff,<br><br>vs.<br><br>Norwood Promotional Products, Inc.,<br>Norwood Operating Company, LLC,<br>The Bank of New York Mellon, as Agent for the Existing Bank Group (Term A Lenders),<br>Oppenheimer Senior Floating RA,<br>Oppenheimer Master Loan Fund,<br>Satellite Senior Income Fund,<br>Atrium III,<br>Credit Suisse Asset Mgmt SLF,<br>Madison Park Funding II, Ltd.,<br>Atrium V,<br>First Dominion Funding III,<br>Atalaya Funding II LLC,<br>Jefferies Buckeye Master Fund,<br>Continental Casualty Company,<br>Allstate Life Insurance Co,<br>AIMCO CLO, Series 2005-A,<br>AIMCO CLO, Series 2006-A,<br>Longacre Capital PRT QP LP,<br>Longacre Master Fund, Ltd.,<br>Merrill Lynch Credit Prod, LLC,<br>Nuveen Senior Income Fund, | Adv. No. 09-_____ |

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Norwood Promotional Products Holdings, Inc. (9391); Norwood Promotional Products, Inc. (4534); Norwood Operating Company, LLC (3446); Advertising Unlimited, LLC (4435); The McCleery-Cuming Company, LLC (2652); and Renaissance Publishing Company, LLC (2740). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 10 W. Market Street, Suite 1400, Indianapolis, Indiana, 46204.

| Epic Distressed Debt OPRT MSTR Fund Ltd, |
| Archimedes Funding III, Ltd., |
| Centurion CDO III, Limited, |
| Doe Term A Lender Defendants Nos. 1-25, |
| Defendants. |

## COMPLAINT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO AVOID AND PRESERVE LIENS AND SECURITY INTERESTS FOR THE BENEFIT OF THE ESTATE AND FOR RELATED INJUNCTIVE AND DECLARATORY RELIEF

The Official Committee of Unsecured Creditors ("Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by its undersigned proposed counsel, for its Complaint alleges on knowledge as to itself and on information and belief as to all other matters as follows:

### SUMMARY OF CLAIM

1. The Term A Lenders assert that they hold valid, perfected liens and security interests in substantially all of the assets of the Debtors, including NPPI and NOC.

2. In fact, liens belonging to the Term A Lenders in the assets of NPPI and NOC are avoidable under Section 547(b) of the Bankruptcy Code because the Term A Lenders perfected their security interests in those assets less than 90 days before the Debtors filed their bankruptcy petition. Any avoided security interests are automatically preserved for the benefit of the estate under Section 551 of the Bankruptcy Code.

3. The Committee brings this action seeking a judgment (a) avoiding the security interests in substantially all of the assets of NPPI and NOC that the Term A Lenders purported to perfect in March and April of 2009 ("2009 Security Interests"), pursuant to Sections 547(b) and 544 of the Bankruptcy Code, and (b) preserving the avoided 2009 Security Interests for the benefit of the estate under Section 551 of the Bankruptcy Code.

4. In order to maintain the status quo, the Committee also seeks entry of a preliminary injunction and/or temporary restraining order (a) precluding the Term A Lenders from credit bidding at the Auction, and (b) ordering the Debtors to hold all of the Sale Proceeds in escrow for the benefit of the estates, subject to any payments to the Lender, pending the final determination of the claims asserted herein.[2]

## JURISDICTION AND VENUE

5. This adversary proceeding is brought pursuant to Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure and Sections 105, 544, 547(b) and 551 of the Bankruptcy Code. This Court has jurisdiction over the proceeding pursuant to 28 U.S.C. § 157 and 1334. This proceeding arises under and otherwise relates to a case under title 11 of the Bankruptcy Code, and is a core proceeding under 28 U.S.C. § 157(b)(2).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) in that this proceeding arises under and relates to a case under the Bankruptcy Code that is pending in this District.

7. The Committee has standing to commence and prosecute this action pursuant to Paragraph 4.2 of this Court's May 7, 2009 Interim DIP Financing Order.

## PARTIES

8. Plaintiff is the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 bankruptcy case.

---

[2] The Committee continues to investigate and explore the facts of this bankruptcy case, as well as the facts that form the basis for this Complaint. This Complaint addresses only the avoidance of the 2009 Security Interests in the assets of NPPI and NOC as asserted by the Term A Lenders and does not address any other challenges or defenses to the claims or security interests asserted by the Term A Lenders or claims against the Term A Lenders and any affiliates or insiders. The Committee specifically reserves the right to object to the Term A Lenders' claim and/or assert claims against the Term A Lenders and any affiliates or insiders at a later date. Nothing contained in this Complaint or otherwise shall prejudice or limit the Committee's rights in any manner.

9. Defendant Norwood Promotional Products, Inc. ("NPPI") is incorporated in the State of Delaware, with its corporate headquarters located at 10 W. Market Street, Suite 1400, Indianapolis, Indiana, 46204.

10. Defendant Norwood Operating Company, LLC ("NOC") is a limited liability company organized under the laws of the State of Delaware, with its corporate headquarters located at 10 W. Market Street, Suite 1400, Indianapolis, Indiana, 46204.

11. Defendant The Bank of New York Mellon, f/k/a The Bank of New York, ("BONY"), having its mailing address at 600 East Las Colinas Blvd., Suite 1300, Irving, Texas 75039, is the Administrative Agent for the Term A Lenders.

12. Upon information and belief, the following Defendants are the lenders under the Term A Credit Agreement: Oppenheimer Senior Floating RA, Oppenheimer Master Loan Fund, Satellite Senior Income Fund, Atrium III, Credit Suisse Asset Mgmt SLF, Madison Park Funding II, Ltd., Atrium V, First Dominion Funding III, Atalaya Funding II LLC, Jefferies Buckeye Master Fund, Continental Casualty Company, Allstate Life Insurance Co, AIMCO CLO, Series 2005-A, AIMCO CLO, Series 2006-A, Longacre Capital PRT QP LP, Longacre Master Fund, Ltd., Merrill Lynch Credit Prod, LLC, Nuveen Senior Income Fund, Epic Distressed Debt OPRT MSTR Fund Ltd, Archimedes Funding III, Ltd. and Centurion CDO III, Limited. Doe Term A Lender Defendants Nos. 1-25 refer to any additional lenders under the Term A Credit Agreement (all lenders under the Term A Credit Agreement, collectively, the "Term A Lenders").

## FACTS[3]

13. In 1999, NPPI, NOC, Advertising Unlimited, LLC ("AU"), The McCleery Cumming Company, LLC ("MCC"), and Renaissance Publishing, LLC ("Renaissance," and

---

[3] Any capitalized terms not defined herein shall have the meaning ascribed to such terms in the DIP Financing Motion, the Interim DIP Financing Order, the Reconsideration Motion, the Bid Procedures Order, the DIP Objection, the 363(k) Motion or the Standing Stipulation.

together with NOC, AU and MCC, the "Subsidiaries") obtained a $140 million term loan, which is currently evidenced by a Third Amended and Restated Credit Agreement, dated August 16, 2004 (as amended, the "Term A Credit Agreement"), by and among (a) NPPI and the Subsidiaries, as borrowers, (b) BONY, and a number of other commercial banks, finance companies, insurance companies, and other financial institutions or funds, as lenders (the Term A Lenders), (c) BONY, as successor to U.S. Bank, National Association, as Administrative Agent for the Term A Lenders (in such capacity, the "Term A Agent"), and (d) Merrill Lynch, as Syndication Agent.[4]

14. NPPI and the Subsidiaries granted the Term A Lenders a security interest in the assets of NPPI and the Subsidiaries, which is junior to the security interest granted in favor of Wachovia Bank, National Association ("Lender") under that certain Revolving Credit Agreement, dated as of July 15, 2008. The Term A Lenders filed mortgages and financing statements against the Debtors' real estate, equipment and fixtures located in Indiana, Iowa, Minnesota, Texas and Wisconsin.

15. Following the execution of the Term A Credit Agreement, the Term A Agent filed the following financing statements: (a) on May 19, 2005, with the Minnesota Secretary of State against the assets of AU; (b) on April 6, 2007, with the Iowa Secretary of State against the assets of MCC; and (c) on June 14, 2005, with the Indiana Secretary of State against the assets of Renaissance.

16. Substantially all of the assets of the Debtors are owned by NPPI and NOC, and the assets of AU, MCC and Renaissance have little, if any, value.

---

[4] The Interim DIP Financing Order refers to the Term A Credit Agreement as the "Existing Bank Group Agreement," the Term A Lenders as the "Existing Bank Group Lenders," and the Term A Agent as "prepetition Agent."

17. On March 31, 2009, the Term A Agent filed a financing statement with the Delaware Department of State (Initial Filing No. 2009-1024188) seeking to perfect the liens of the Term A Lenders on substantially all of the assets of NPPI (the "NPPI Financing Statement").

18. On April 3, 2009, the Term A Agent filed a financing statement with the Delaware Department of State (Initial Filing No. 2009-1073177) seeking to perfect the liens of the Term A Lenders on substantially all of the assets of NOC (the "NOC Financing Statement"). Copies of the NPPI Financing Statement and the NOC Financing Statement (collectively, the "Financing Statements") are attached hereto **Exhibit A** and **Exhibit B**, respectively.

## RELEVANT PROCEDURAL HISTORY

19. On May 5, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors presently manage their property and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

20. On May 5, 2009, the Debtors filed a *Motion of the Debtors for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Granting Liens and Superpriority Claims, (C) Authorizing the Use of Cash Collateral, (D) Granting Adequate Protection to Prepetition Secured Parties and (E) Scheduling a Final Hearing* (the "DIP Financing Motion") (D.I. 13), asserting, among other things, that the Term A Lenders hold valid, perfected, enforceable and non-avoidable security interests and liens in substantially all of the assets of the Debtors, including NPPI and NOC. Interim DIP Financing Order ¶ D(iv)(a).

21. On May 7, 2009, the Court entered an *Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105 and 364(c); (B) Authorizing Use of Cash*

*Collateral Pursuant to 11 U.S.C. § 363(c); (C) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 363 and 364; (D) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (E) Authorizing Debtors to Enter Into Agreements With Wachovia Bank, National Association; and (F) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "Interim DIP Financing Order") (D.I. 44). Under Interim DIP Financing Order, the Debtors are prohibited from asserting any claim, counterclaim, setoff or defense of any kind, nature or description that would in any way affect the validity, enforceability and non-avoidability of any of the Term A Lenders' security interests. Interim DIP Financing Order at ¶ D(iv)(a). In addition, the Interim DIP Financing Order grants to the Term A Lenders, as adequate protection, replacement liens (the Existing Bank Group Replacement Liens), a superpriority claim (the Existing Bank Group Adequate Protection Superpriority Claim), and certain other types of adequate protection. Interim DIP Financing Order at ¶¶ 2.6.3, 2.6.5 and 2.6.6.

22. Thereafter, on May 14, 2009, the Committee was appointed and shortly after its appointment, selected Arent Fox LLP and Elliott Greenleaf as its co-counsel and CBIZ Mahoney Cohen as its financial advisors.

23. On May 19, 2009, the Committee filed an *Amended Motion Pursuant to Rule 59 of the Federal Rules of Civil Procedures, as Made Applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedures, or in the Alternative, Rule 60 of the Federal Rules of Civil Procedure, as Made Applicable by Bankruptcy Rule 9024, for Reconsideration of (I) Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing; (B) Granting Security Interests and Administrative Expense Status; (C) Authorizing the Use of Cash Collateral; (D) Modifying the Automatic Stay; (E) Authorizing the Debtors to Enter Into Agreements With Wachovia Bank, National Association; and (F) Scheduling a Final Hearing; and (II) Order Approving Stipulation*

*Between Debtor, FM Mutual Insurance Company, Wachovia Bank, NA and Bank of New York Mellon with Respect to Pre-Petition Claim and Form of Service Re: Docket Nos. 13, 44 & 53* (the "Reconsideration Motion") (D.I. 83).

24. On May 21, 2009, the Court entered an *Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of Debtors Assets, (B) Approving Bidding Incentives, (C) Scheduling Auction and Sale Hearing, (D) Approving Form and Manner of Notice Thereof and (E) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (the "Bid Procedures Order") (D.I. 101). The Bid Procedures Order provides, *inter alia*, that the Term A Agent shall be deemed a Qualified Bidder to the extent it sets forth a bid for the Assets that, in addition to any credit bid under Section 363(k) of the Bankruptcy Code, provides for: (a) the payment in cash of (i) all outstanding amounts under the DIP Facility as of the date of the closing of the Sale, and (ii) an amount equal to the Houlihan Carve-Out; and (b) the payment of cash into escrow of an amount equal to the Carve-Out Expenses. Bid Procedures Order at ¶ 9.

25. On May 28, 2009, the Committee filed an *Amended Objection to Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to Obtain Postpetition Financing, (B) Granting Liens and Superpriority Claims, (C) Authorizing the Use of Cash Collateral, (D) Granting Adequate Protection to Prepetition Secured Parties and (E) Scheduling a Final Hearing* (the "DIP Objection") (D.I. 132).

26. On June 11, 2009, the Committee filed a *Motion Pursuant to Sections 105 and 363(k) of the Bankruptcy Code for an Order Prohibiting or Temporarily Disallowing Setoff Rights With Respect to the Term A Lenders' Ability to Credit Bid or, in the Alternative,*

*Requiring an Amount Equal to the Purchase Price to be Deposited in an Escrow Account Until the Date the Challenge is Resolved* (the "363(k) Motion") (D.I. 192).

27. On June 15, 2009, the Committee filed the *Stipulation Granting the Official Committee of Unsecured Creditors Authority and Standing to Investigate, Assert and Prosecute Certain of the Debtors' and Estates' Claims* (the "Standing Stipulation").

## FIRST CLAIM FOR RELIEF
### (Avoidance and Preservation of Security Interests under Sections 547(b) and 551)

28. The Committee restates and realleges each of the foregoing allegations as if fully set forth herein.

29. Sections 547(b) and 551 of the Bankruptcy Code provide for the avoidance and then preservation of a lien or security interest in the property of a bankruptcy estate. The Committee seeks judgment avoiding and preserving the Term A Lenders' 2009 Security Interests in the assets of NPPI and NOC for the benefit of the Debtors' estates pursuant to 11 U.S.C. §§ 547(b) and 551.

30. Section 547(b) provides that the trustee may avoid any transfer of an interest of the debtor in property:

  (1) to or for the benefit of a creditor;

  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

  (3) made while the debtor was insolvent;

  (4) made (A) on or within 90 days before the date of the filing of the petition; or (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title. See 11 U.S.C. § 547(b).

31. The filing of the Financing Statements in March and April of 2009, in which the Term A Lenders purported to perfect their security interests in the assets of NPPI and NOC, constitutes a "transfer" of an interest of NPPI and NOC in property under the Bankruptcy Code. See 11 U.S.C. § 101(54); 11 U.S.C. § 547(b).

32. The filing of the Financing Statements was for the benefit of the Debtors' creditors – the Term A Lenders. See 11 U.S.C. § 547(b)(1).

33. The filing of the Financing Statements was on account of an antecedent debt – the debt owed by the Debtors to the Term A Lenders under the Term A Credit Agreement. See 11 U.S.C. § 547(b)(3).

34. The filing of the Financing Statements was made while the Debtors were insolvent. See 11 U.S.C. § 547(b)(3). The Debtors are presumed to be insolvent during the 90 days preceding the Petition Date, which extends back to February 4, 2009 (the "Preference Period"). See 11 U.S.C. § 547(f).

35. The filing of the Financing Statements on March 31, 2009, and April 3, 2009, was made during the Preference Period.[5] See 11 U.S.C. § 547(b)(4).

36. Unless the 2009 Security Interests of the Term A Lenders are avoided, the Term A Lenders would receive more from the Debtors' bankruptcy estates as secured creditors than

---

[5] Under Section 547(e)(2)(B), a transfer is made at the time such transfer is perfected, if it is perfected after 30 days after the creation of the security interest. See 11 U.S.C. § 547(e)(2)(B).

they would recover as unsecured creditors if those security interests are avoided. *See* 11 U.S.C. § 547(b)(5).

37. Because the Term A Lenders attempted to perfect their 2009 Security Interests in the assets of NPPI and NOC by filing the Financing Statements during the Preference Period, any security interests related to those Financing Statements can be avoided under Section 547(b) of the Bankruptcy Code.

38. Transfers avoided under Section 547(b) of the Bankruptcy Code are automatically preserved for the benefit of the bankruptcy estate. *See* 11 U.S.C. § 551.

39. The Committee requests that this Court issue judgment declaring that (a) the Term A Lenders' purported 2009 Security Interests in substantially all of the assets of NPPI and NOC as reflected in the Financing Statements constitute preferences and are avoided pursuant to Section 547(b) of the Bankruptcy Code, and (b) the avoided 2009 Security Interests in substantially all of the assets of NPPI and NOC are preserved for the benefit of the Debtors' estate, pursuant to Section 551 of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
### (Avoidance and Preservation of Security Interests under Sections 544 and 551)

40. The Committee restates and realleges each of the foregoing allegations as if fully set forth herein.

41. Sections 544 and 551 of the Bankruptcy Code provide for the avoidance and preservation of a lien or security interest in the property of the bankruptcy estate. The Committee seeks judgment pursuant to 11 U.S.C. §§ 544 and 551 avoiding and preserving the Term A Lenders' 2009 Security Interests in the assets of NPPI and NOC for the benefit of the Debtors' estates.

- 11 -

NYC/437227.9

42. Section 544 of the Bankruptcy Code grants the trustee of the bankruptcy estate the power to avoid transfers that may otherwise be invalidated under applicable state laws. *See* 11 U.S.C. § 544. The security interests asserted by the Term A Lenders in the assets of NPPI and NOC under the Financing Statements may be invalid under Delaware law.

43. Transfers avoided under Section 547(b) of the Bankruptcy Code are automatically preserved for the benefit of the bankruptcy estate. *See* 11 U.S.C. § 551.

44. The Committee requests that this Court issue judgment declaring that (a) the Term A Lenders' purported 2009 Security Interests in substantially all of the assets of NPPI and NOC as reflected in the Financing Statements are avoided pursuant to Section 544 of the Bankruptcy Code, and (b) the avoided 2009 Security Interests in substantially all of the assets of NPPI and NOC are preserved for the benefit of the Debtors' estate, pursuant to Section 551 of the Bankruptcy Code.

**THIRD CLAIM FOR RELIEF**
**(Preliminary Injunction and Temporary Restraining Order)**

45. The Committee restates and realleges each of the foregoing allegations as if fully set forth herein.

46. Pending a final determination by the Court as to the extent, validity, perfection, priority and enforceability of the 2009 Security Interests asserted by the Term A Lenders, the Committee and the creditors of the bankruptcy estate will suffer immediate and irreparable injury, loss, or damage unless (a) the Term A Lenders are prohibited from credit bidding at the Auction, and (b) the Debtors are required to hold all of the proceeds of any sale of the Debtors' assets (the "Sale Proceeds") in escrow for the benefit of the bankruptcy estate, subject only to payments to the Lender.

47. Pursuant to Federal Rule of Civil Procedure 65(a), made applicable to adversary proceedings in Bankruptcy Rule 7065, the Committee requests that this Court issue a preliminary injunction and final injunction (i) prohibiting the Term A Lenders from credit bidding at the Auction, and (ii) requiring the Debtors to hold the Sale Proceeds in escrow, subject only to payments to the Lender, pending the final determination of the claims asserted herein.

48. Pursuant to Federal Rule of Civil Procedure Rule 65(b), Plaintiff requests that this Court issue a temporary restraining order (i) prohibiting the Term A Lenders from credit bidding at the Auction, and (ii) requiring the Debtors to hold the Sale Proceeds in escrow, subject only to payments to the Lender, pending the final determination of the claims asserted herein.

WHEREFORE, the Committee demands judgment against the Defendants, as follows:

(a) avoiding the Term A Lenders' purported 2009 Security Interests in the assets of NPPI and NOC pursuant to Sections 547(b) and 544 of the Bankruptcy Code;

(b) preserving the Term A Lenders' purported 2009 Security Interests in the assets of NPPI and NOC for the benefit of the Debtors' estates, pursuant to Section 551 of the Bankruptcy Code;

(c) pending final determination of the claims asserted herein:

(i) issuance of a preliminary injunction and final injunction prohibiting the Term A Lenders from credit bidding at the Auction, and (ii) requiring the Debtors to hold the Sale Proceeds in escrow, subject only to payments to the Lender;

(ii) issuance of a temporary restraining order prohibiting the Term A Lenders from credit bidding at the Auction, and (ii) requiring the Debtors to hold the Sale Proceeds in escrow, subject only to payments to the Lender; and

(d)  granting such other, further and different relief as the Court deems just and proper.

Dated: June 15, 2009
Wilmington, Delaware

**ELLIOTT GREENLEAF**

*/s/ Shelley A. Kinsella*
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Neil R. Lapinski (DE Bar No. 3645)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: nrl@elliottgreenleaf.com

and

ARENT FOX LLP
Schuyler G. Carroll, Esq.
George P. Angelich, Esq.
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: carroll.schuyler@arentfox.com
Email: angelich.george@arentfox.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*