# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NORWOOD PROMOTIONAL PRODUCTS HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-11547 (PJW)<br><br>Jointly Administered |
| Official Committee of Unsecured Creditors of Norwood Promotional Products Holdings, Inc., *et al.*<br><br>Plaintiff,<br><br>vs.<br><br>Norwood Promotional Products, Inc.,<br>Norwood Operating Company, LLC,<br>The Bank of New York Mellon, as Agent for the Existing Bank Group (Term A Lenders),<br>Oppenheimer Senior Floating RA,<br>Oppenheimer Master Loan Fund,<br>Satellite Senior Income Fund,<br>Atrium III,<br>Credit Suisse Asset Mgmt SLF,<br>Madison Park Funding II, Ltd.,<br>Atrium V,<br>First Dominion Funding III,<br>Atalaya Funding II LLC,<br>Jefferies Buckeye Master Fund,<br>Continental Casualty Company,<br>Allstate Life Insurance Co,<br>AIMCO CLO, Series 2005-A,<br>AIMCO CLO, Series 2006-A,<br>Longacre Capital PRT QP LP,<br>Longacre Master Fund, Ltd.,<br>Merrill Lynch Credit Prod, LLC, | Adv. No. 09-_____ |

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: Norwood Promotional Products Holdings, Inc. (9391); Norwood Promotional Products, Inc. (4534); Norwood Operating Company, LLC (3446); Advertising Unlimited, LLC (4435); The McCleery-Cuming Company, LLC (2652); and Renaissance Publishing Company, LLC (2740). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 10 W. Market Street, Suite 1400, Indianapolis, Indiana, 46204.

NYC/437332.2

Nuveen Senior Income Fund,
Epic Distressed Debt OPRT MSTR Fund Ltd,
Archimedes Funding III, Ltd.,
Centurion CDO III, Limited,
Doe Term A Lender Defendants Nos. 1-25,

Defendants.

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff"), in the above-captioned action, by and through its proposed attorneys, Arent Fox LLP and Elliot Greenleaf LLP, files this Motion ("Motion") for a Temporary Restraining Order and Preliminary Injunction against the Term A Lenders ("Defendant"). In support of its Motion, Plaintiff states as follows:

### SUMMARY

1. On June 15, 2009, Plaintiff commenced an action to avoid the Term A Lenders' "perfected" security interests in substantially all assets of NPPI and NOC. (See *Complaint* simultaneously filed herewith).

2. In this Motion, Plaintiff seeks a temporary restraining order and preliminary relief in the nature of: (i) avoidance and preservation of the Term A Lenders' liens under sections 547(b) and 551 of the Bankruptcy Code; (ii) avoidance and preservation of the Term A Lenders' liens under sections 544 and 551 of the Bankruptcy Code; (iii) a TRO and preliminary injunction prohibiting the Term A Lenders from credit bidding at the Auction; and (iv) an order requiring that the proceeds from the Sale to the extent available to pay the Term A Lenders after paying off the Lender in full be held in escrow pending a final resolution of the Complaint.

3. Filed herewith is a Memorandum of Law in support of the Motion indicating that this matter involves the rights and obligations of the parties with respect to the financing

statements filed by the Term A Agent with the Delaware Department of State, which purport to secure the Term A Lenders' lien on substantially all of the assets of NPPI and NOC. As more fully set forth in the Memorandum of Law and other relevant declarations, motions, and pleadings, the Committee's request for a TRO and preliminary injunction should be granted.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this Motion, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(k). Venue of these cases and the Motion is proper in this district pursuant to 28 U.S.C. § 1408.

## PARTIES

5. Plaintiff is the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 bankruptcy case.

6. Defendant Norwood Promotional Products, Inc. ("NPPI") is incorporated in the State of Delaware, with its corporate headquarters located at 10 W. Market Street, Suite 1400, Indianapolis, Indiana, 46204.

7. Defendant Norwood Operating Company, LLC ("NOC") is a limited liability company organized under the laws of the State of Delaware, with its corporate headquarters located at 10 W. Market Street, Suite 1400, Indianapolis, Indiana, 46204.

8. Defendant The Bank of New York Mellon, f/k/a The Bank of New York, ("BONY"), having its mailing address at 600 East Las Colinas Blvd., Suite 1300, Irving, Texas 75039, is the Administrative Agent for the Term A Lenders.

9. Upon information and belief, the following Defendants are the lenders under the Term A Credit Agreement: Oppenheimer Senior Floating RA, Oppenheimer Master Loan Fund, Satellite Senior Income Fund, Atrium III, Credit Suisse Asset Mgmt SLF, Madison Park Funding

II, Ltd., Atrium V, First Dominion Funding III, Atalaya Funding II LLC, Jefferies Buckeye Master Fund, Continental Casualty Company, Allstate Life Insurance Co, AIMCO CLO, Series 2005-A, AIMCO CLO, Series 2006-A, Longacre Capital PRT QP LP, Longacre Master Fund, Ltd., Merrill Lynch Credit Prod, LLC, Nuveen Senior Income Fund, Epic Distressed Debt OPRT MSTR Fund Ltd, Archimedes Funding III, Ltd. and Centurion CDO III, Limited. Doe Term A Lender Defendants Nos. 1-25 refer to any additional lenders under the Term A Credit Agreement (all lenders under the Term A Credit Agreement, collectively, the "Term A Lenders").

## FACTS[2]

10. In 1999, NPPI, NOC, Advertising Unlimited, LLC ("AU"), The McCleery Cumming Company, LLC ("MCC"), and Renaissance Publishing, LLC ("Renaissance," and together with NOC, AU and MCC, the "Subsidiaries") obtained a $140 million term loan, which is currently evidenced by a Third Amended and Restated Credit Agreement, dated August 16, 2004 (as amended, the "Term A Credit Agreement"), by and among (a) NPPI and the Subsidiaries, as borrowers, (b) BONY, and a number of other commercial banks, finance companies, insurance companies, and other financial institutions or funds, as lenders (the Term A Lenders), (c) BONY, as successor to U.S. Bank, National Association, as Administrative Agent for the Term A Lenders (in such capacity, the "Term A Agent"), and (d) Merrill Lynch, as Syndication Agent.[3]

11. NPPI and the Subsidiaries granted the Term A Lenders a security interest in the assets of NPPI and the Subsidiaries, which is junior to the security interest granted in favor of

---

[2] Any capitalized terms not defined herein shall have the meaning ascribed to such terms in the DIP Financing Motion, the Interim DIP Financing Order, the Reconsideration Motion, the Bid Procedures Order, the DIP Objection, the 363(k) Motion or the Standing Stipulation.

[3] The Interim DIP Financing Order refers to the Term A Credit Agreement as the "Existing Bank Group Agreement," the Term A Lenders as the "Existing Bank Group Lenders," and the Term A Agent as "prepetition Agent."

Wachovia Bank, National Association ("Lender") under that certain Revolving Credit Agreement, dated as of July 15, 2008. The Term A Lenders filed mortgages and financing statements against the Debtors' real estate, equipment and fixtures located in Indiana, Iowa, Minnesota, Texas and Wisconsin.

12. Following the execution of the Term A Credit Agreement, the Term A Agent filed the following financing statements: (a) on May 19, 2005, with the Minnesota Secretary of State against the assets of AU; (b) on April 6, 2007, with the Iowa Secretary of State against the assets of MCC; and (c) on June 14, 2005, with the Indiana Secretary of State against the assets of Renaissance.

13. Substantially all of the assets of the Debtors are owned by NPPI and NOC, and the assets of AU, MCC and Renaissance have little, if any, value.

14. On March 31, 2009, the Term A Agent filed a financing statement with the Delaware Department of State (Initial Filing No. 2009-1024188) seeking to perfect the liens of the Term A Lenders on substantially all of the assets of NPPI (the "NPPI Financing Statement").

15. On April 3, 2009, the Term A Agent filed a financing statement with the Delaware Department of State (Initial Filing No. 2009-1073177) seeking to perfect the liens of the Term A Lenders on substantially all of the assets of NOC (the "NOC Financing Statement").

## RELEVANT PROCEDURAL HISTORY

16. On May 5, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors presently manage their property and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

17. On May 5, 2009, the Debtors filed a *Motion of the Debtors for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Granting Liens and Superpriority Claims, (C) Authorizing the Use of Cash Collateral, (D) Granting Adequate Protection to Prepetition Secured Parties and (E) Scheduling a Final Hearing* (the "DIP Financing Motion") (D.I. 13), asserting, among other things, that the Term A Lenders hold valid, perfected, enforceable and non-avoidable security interests and liens in substantially all of the assets of the Debtors, including NPPI and NOC. Interim DIP Financing Order ¶ D(iv)(a).

18. On May 7, 2009, the Court entered an *Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105 and 364(c); (B) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363(c); (C) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 363 and 364; (D) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (E) Authorizing Debtors to Enter Into Agreements With Wachovia Bank, National Association; and (F) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "Interim DIP Financing Order") (D.I. 44). Under Interim DIP Financing Order, the Debtors are prohibited from asserting any claim, counterclaim, setoff or defense of any kind, nature or description that would in any way affect the validity, enforceability and non-avoidability of any of the Term A Lenders' security interests. Interim DIP Financing Order at ¶ D(iv)(a). In addition, the Interim DIP Financing Order grants to the Term A Lenders, as adequate protection, replacement liens (the Existing Bank Group Replacement Liens), a superpriority claim (the Existing Bank Group Adequate Protection Superpriority Claim), and certain other types of adequate protection. Interim DIP Financing Order at ¶¶ 2.6.3, 2.6.5 and 2.6.6.

19. Thereafter, on May 14, 2009, the Committee was appointed and shortly after its appointment, selected Arent Fox LLP and Elliot Greenleaf LLP as its co-counsel and CBIZ Mahoney Cohen as its financial advisors.

20. On May 19, 2009, the Committee filed an *Amended Motion Pursuant to Rule 59 of the Federal Rules of Civil Procedures, as Made Applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedures, or in the Alternative, Rule 60 of the Federal Rules of Civil Procedure, as Made Applicable by Bankruptcy Rule 9024, for Reconsideration of (I) Interim Order (A) Authorizing the Debtors to Obtain Postpetition Financing; (B) Granting Security Interests and Administrative Expense Status; (C) Authorizing the Use of Cash Collateral; (D) Modifying the Automatic Stay; (E) Authorizing the Debtors to Enter Into Agreements With Wachovia Bank, National Association; and (F) Scheduling a Final Hearing; and (II) Order Approving Stipulation Between Debtor, FM Mutual Insurance Company, Wachovia Bank, NA and Bank of New York Mellon with Respect to Pre-Petition Claim and Form of Service Re: Docket Nos. 13, 44 & 53* (the "Reconsideration Motion") (D.I. 83).

21. On May 21, 2009, the Court entered an *Order (A) Approving Bidding Procedures in Connection With Sale of Substantially all of Debtors Assets, (B) Approving Bidding Incentives, (C) Scheduling Auction and Sale Hearing, (D) Approving Form and Manner of Notice Thereof and (E) Establishing Procedures Relating to the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* (the "Bid Procedures Order") (D.I. 101). The Bid Procedures Order provides, *inter alia*, that the Term A Agent shall be deemed a Qualified Bidder to the extent it sets forth a bid for the Assets that, in addition to any credit bid under Section 363(k) of the Bankruptcy Code, provides for: (a) the payment in cash of (i) all outstanding amounts under the DIP Facility as of the date of the closing of the Sale, and (ii) an

amount equal to the Houlihan Carve-Out; and (b) the payment of cash into escrow of an amount equal to the Carve-Out Expenses. Bid Procedures Order at ¶ 9.

22. On May 28, 2009, the Committee filed an *Amended Objection to Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Debtors to Obtain Postpetition Financing, (B) Granting Liens and Superpriority Claims, (C) Authorizing the Use of Cash Collateral, (D) Granting Adequate Protection to Prepetition Secured Parties and (E) Scheduling a Final Hearing* (the "DIP Objection") (D.I. 132).

23. On June 11, 2009, the Committee filed a *Motion Pursuant to Sections 105 and 363(k) of the Bankruptcy Code for an Order Prohibiting or Temporarily Disallowing Setoff Rights With Respect to the Term A Lenders' Ability to Credit Bid or, in the Alternative, Requiring an Amount Equal to the Purchase Price to be Deposited in an Escrow Account Until the Date the Challenge is Resolved* (the "363(k) Motion") (D.I. 192).

24. On June 15, 2009, the Committee filed the *Stipulation Granting the Official Committee of Unsecured Creditors Authority and Standing to Investigate, Assert and Prosecute Certain of the Debtors' and Estates' Claims* (the "Standing Stipulation").

## RELIEF REQUESTED

25. Plaintiff has no adequate remedy at law for the injuries and potential injuries it will suffer unless the Court: (i) prohibits the Term A Lenders from credit bidding at the Auction; and (ii) requires that the proceeds from the Sale to the extent available to pay the Term A Lenders after paying off the Lender in full be held in escrow.

26. Pursuant to Federal Rules of Civil Procedure Rule 65(a), Plaintiff requests that this Court issue a preliminary injunction and final injunction (i) prohibiting the Term A Lenders from credit bidding at the Auction; and (ii) requiring that the proceeds from the Sale to the extent

available to pay the Term A Lenders be held in escrow pending a final resolution of the Complaint.

27. Pursuant to Federal Rules of Civil Procedure Rule 65(b), Plaintiff requests that this Court issue a temporary restraining order to: (i) prohibit the Term A Lenders from credit bidding at the Auction; and (ii) require that the proceeds from the Sale to the extent available to pay the Term A Lenders after paying off the Lender in full be held in escrow pending a final resolution of the Complaint, as more fully set forth in the Committee's Memorandum of Law and other relevant declarations, motions, and pleadings.

## **CONCLUSION**

WHEREFORE, Plaintiff requests that this Court enter orders and judgment in favor of Plaintiff and against Defendant:

(a) avoiding and preserving the Term A Lenders' liens under sections 547(b) and 551 of the Bankruptcy Code;

(b) avoiding and preserving the Term A Lenders' liens under sections 544 and 551 of the Bankruptcy Code;

(c) granting a TRO and preliminary injunction prohibiting the Term A Lenders from credit bidding at the Auction;

(d) requiring that the proceeds from the Sale to the extent available to pay the Term A

Lenders after paying off the Lender in full be held in escrow pending a final resolution of the Complaint; and

(e) granting such other and further relief as is just and proper.

Dated: June 15, 2009
Wilmington, Delaware

**ELLIOTT GREENLEAF**

_____
Rafael X. Zahralddin-Aravena (DE Bar No. 4166)
Shelley A. Kinsella (DE Bar No. 4023)
Neil R. Lapinski (DE Bar No. 3645)
1105 North Market Street, Suite 1700
Wilmington, Delaware 19801
Telephone: (302) 384-9400
Facsimile: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com
Email: nrl@elliottgreenleaf.com

and

ARENT FOX LLP
Schuyler G. Carroll, Esq.
George P. Angelich, Esq.
1675 Broadway
New York, NY 10019
Telephone: (212) 484-3900
Facsimile: (212) 484-3990
Email: carroll.schuyler@arentfox.com
Email: angelich.george@arentfox.com

*Proposed Counsel to the Official
Committee of Unsecured Creditors*